UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**IVELE JEAN,**
Plaintiff,

v.

OCT 27 2026 AM11:34
FILED - USDC - FLMD - TPA

**EQUIFAX INFORMATION SERVICES LLC,**
Defendant.

Case No.: 8:26-cv-3254-KKM-AAS

# COMPLAINT FOR VIOLATIONS OF THE FAIR CREDIT REPORTING ACT

**JURY TRIAL DEMANDED**

## I. Nature of the Action

1. Plaintiff Ivele Jean brings this action against Equifax Information Services LLC under the Fair Credit Reporting Act (FCRA), 15 U.S.C. § 1681 et seq.
2. This action concerns Equifax's alleged failure to maintain reasonable credit-reporting accuracy, reasonably reinvestigate disputed information, and properly process Plaintiff's identity-theft documentation and consumer-protection requests.
3. Plaintiff alleges that she notified Equifax of disputed credit information and provided police reports concerning identity theft.
4. Plaintiff seeks damages for negligent or willful violations that are established through the evidence.

## II. Jurisdiction and Venue

5. This Court has federal-question jurisdiction under 28 U.S.C. § 1331 and jurisdiction under 15 U.S.C. § 1681p.
6. Plaintiff resides in Hillsborough County, Florida, within the Middle District of Florida.
7. Venue is proper under 28 U.S.C. § 1391(b) because Plaintiff alleges that a substantial part of the resulting harm occurred in this district.

## III. Parties

8. Plaintiff Ivele Jean is a consumer as defined by 15 U.S.C. § 1681a(c).

I.F.P.

9. Defendant Equifax Information Services LLC is a consumer reporting agency as defined by 15 U.S.C. § 1681a(f).

# IV. Factual Background

10. Plaintiff obtained an Equifax consumer credit report dated October 16, 2026, bearing confirmation number 6289590156.
11. Plaintiff alleges that she has disputed inaccurate or unauthorized information appearing on her consumer credit reports.
12. Plaintiff further alleges that she has filed police reports documenting identity theft and has submitted identity-theft information to Equifax.
13. The dates of Equifax's receipt of those reports, the specific fraudulent accounts identified, and the documents accompanying each request must be established from the submission records.
14. Plaintiff alleges that disputed adverse information continued to appear on her credit report.
15. Plaintiff has experienced stress, financial difficulties, and interference with her efforts to obtain affordable credit.

# V. Specific Credit-Reporting Issues

## A. LVNV Funding / Credit One Bank

16. Equifax reported a collection account associated with LVNV Funding and Credit One Bank.
17. The October 2026 report reflected an outstanding balance of approximately $1,397 and a high-credit amount of approximately $1,110.
18. Plaintiff questions whether the reported balance accurately reflects the underlying obligation, payments, fees, interest, and other adjustments.
19. Plaintiff seeks correction of any materially inaccurate information that was properly disputed and not reasonably investigated.

## B. Bright Capital

20. Equifax reported a Bright Capital account with a balance of approximately $1 and a delinquency classification of 30–59 days past due.
21. Plaintiff disputes the delinquency classification to the extent it is inconsistent with the contractual payment terms and actual payment records.
22. Plaintiff seeks investigation of the reported delinquency dates, payment history, and account status.

## C. Capital One Bank (USA), N.A.

23. Equifax reported a charged-off Capital One account with an outstanding balance of approximately $1,829.

24. The report identified August 10, 2023, as the date of first delinquency.
25. Plaintiff challenges any inaccurate delinquency dates, account-status information, balance calculations, or payment history identified in her prior disputes.

### D. Wells Fargo Card

26. Equifax reported a Wells Fargo credit-card account with an outstanding balance of approximately $678 and an original charge-off amount of approximately $753.
27. Plaintiff seeks investigation of any disputed payment credits, balance adjustments, account status, and delinquency information.

### E. Credit Collection Services / GEICO

28. Equifax reported a collection account concerning an alleged GEICO Advantage obligation of approximately $126.
29. The report identified July 22, 2025, as the date of first delinquency.
30. Plaintiff challenges the collection to the extent that the alleged balance, underlying obligation, or reported delinquency information is inaccurate.

### F. Consumer Statement

31. Plaintiff's October 16, 2026, Equifax report stated that no consumer statement was on file.
32. Plaintiff seeks placement of an appropriate statement identifying her as an identity-theft victim.
33. To the extent Plaintiff previously submitted a qualifying unresolved-dispute statement and Equifax failed to handle it as required by 15 U.S.C. § 1681i(b)–(c), Plaintiff alleges a violation of those provisions.

## VI. Identity-Theft Allegations

34. Plaintiff alleges that she is a victim of identity theft and has obtained police reports documenting fraudulent activity.
35. Plaintiff alleges that she submitted identity-theft documentation to Equifax.
36. Under 15 U.S.C. § 1681c-2(a), a consumer reporting agency generally must block specifically identified information resulting from identity theft within four business days after receiving all required documentation, subject to statutory exceptions.
37. The required documentation includes proof of identity, an identity-theft report, identification of the information resulting from identity theft, and a statement that the information does not relate to a transaction by the consumer.
38. Plaintiff alleges that Equifax failed to block qualifying identity-theft information after receiving the required materials, to the extent established by the submission and receipt records.
39. Plaintiff further seeks appropriate extended-fraud-alert protections under 15 U.S.C. § 1681c-1(b).

40. Plaintiff alleges a violation of the fraud-alert provisions if she made a qualifying request, supplied the required documentation, and Equifax failed to comply with its statutory obligations.

# VII. Causes of Action

## COUNT I — Failure to Conduct a Reasonable Reinvestigation

### 15 U.S.C. § 1681i(a)(1)(A)

41. Plaintiff incorporates the preceding allegations relevant to this count.
42. Plaintiff alleges that she submitted specific disputes concerning materially inaccurate or incomplete credit report information.
43. Plaintiff alleges that Equifax failed to conduct reasonable reinvestigations of those disputes.
44. Plaintiff alleges that the failures resulted in the continued reporting of materially inaccurate information and caused compensable harm.

## COUNT II — Failure to Follow Reasonable Accuracy Procedures

### 15 U.S.C. § 1681e(b)

45. Plaintiff incorporates the preceding allegations relevant to this count.
46. Plaintiff alleges that Equifax prepared consumer reports containing materially inaccurate information concerning her credit history.
47. Plaintiff alleges that Equifax failed to follow reasonable procedures to assure maximum possible accuracy when preparing those reports.
48. Plaintiff alleges that this failure caused injury, including interference with credit opportunities.

## COUNT III — Failure to Block Qualifying Identity-Theft Information

### 15 U.S.C. § 1681c-2(a)

49. Plaintiff incorporates the preceding identity-theft allegations.
50. Plaintiff alleges that she provided Equifax with police reports and other documentation concerning identity theft.
51. Plaintiff alleges that Equifax failed to block specifically identified information resulting from identity theft after receiving all documentation required by § 1681c-2(a), subject to the statutory exceptions.
52. Plaintiff alleges that the continued reporting of such information caused financial and emotional harm.

## COUNT IV — Failure to Comply with Fraud-Alert Requirements

**15 U.S.C. § 1681c-1(b)**

53. Plaintiff incorporates the preceding identity-theft allegations.
54. Plaintiff alleges that she requested identity-theft protection from Equifax.
55. Plaintiff alleges that Equifax failed to comply with its extended-fraud-alert duties if the evidence establishes that a qualifying request and required identity-theft report were received.

## COUNT V — Failure to Handle an Unresolved-Dispute Statement

**15 U.S.C. § 1681i(b)–(c)**

56. Plaintiff incorporates the preceding allegations relevant to this count.
57. Plaintiff's October 2026 report identified no consumer statement on file.
58. Plaintiff alleges that Equifax failed to comply with § 1681i(b)–(c) if she submitted a qualifying statement concerning an unresolved dispute and Equifax failed to note or communicate it as required.

## COUNT VI — Additional Reinvestigation Duties

**15 U.S.C. § 1681i(a)(2), (4), (5), (6), and (7)**

59. Plaintiff incorporates the preceding allegations relevant to this count.
60. Plaintiff alleges that Equifax failed to comply with additional statutory duties to the extent the evidence establishes that Equifax:

a. Failed to notify a furnisher or transmit all relevant dispute information;

b. Failed to consider relevant documents submitted by Plaintiff;

c. Failed to correct or delete inaccurate, incomplete, or unverifiable information;

d. Failed to provide required investigation results; or

e. Failed to provide the required description of verification procedures following a qualifying request.

61. Plaintiff will identify the particular dispute, trigger event, and resulting failure for each alleged violation retained in the final complaint.

# VIII. Damages

62. Plaintiff alleges that the challenged conduct caused her substantial stress and emotional distress.

63. Plaintiff alleges that inaccurate reporting interfered with her ability to obtain affordable credit and financing.
64. Plaintiff seeks actual damages for negligent noncompliance under 15 U.S.C. § 1681o.
65. Plaintiff seeks statutory damages and punitive damages for willful noncompliance where authorized by 15 U.S.C. § 1681n.
66. Plaintiff seeks allowable litigation costs and any other relief authorized by law.

# IX. Prayer for Relief

WHEREFORE, Plaintiff respectfully requests:

A. Judgment against Defendant for each violation established by the evidence;

B. Actual damages in an amount proven at trial;

C. Statutory damages for willful violations were authorized;

D. Punitive damages were authorized;

E. Allowable costs; and

F. Such other relief as the Court deems just and lawful.

# X. Jury Demand

Plaintiff demands a jury trial on all issues triable by jury.

Respectfully submitted,

**Ivele Jean**
Plaintiff, Pro Se

Telephone: (786) 319-7258

Email: Jivele55@gmail.com

Date: 10/26/2026

Signature: Ivele Jean